UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACK WESLEY COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | 16 C 2827 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| RETRIEVAL-MASTERS CREDITORS BUREAU, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Jack Cooper sued Retrieval-Masters Credit Bureau ("RMCB"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Doc. 1. Cooper now moves for summary judgment as to liability and also as to RMCB's *bona fide* error defense. Doc. 35. The motion is granted.

**Background**

Cooper filed his summary judgment motion on February 10, 2017. Doc. 35. The court set a generous response date of April 14. Doc. 38. On April 14, RMCB moved for an extension, Doc. 39, which the court granted, extending the response date to April 25, Doc. 41. On April 25, RMCB moved for another extension, Doc. 42, which the court granted, extending the response date to May 9, Doc. 44. May 9 has long since come and gone, and RMCB still has not responded to Cooper's motion, making the motion ready for decision. *See Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015) ("[C]ase management depends on enforceable deadlines … . In managing their caseloads, district courts are entitled to—indeed they must— enforce deadlines.") (internal quotation marks omitted); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 605 (7th Cir. 2006) ("Rule 6(b) … clearly gives courts both the authority to establish

1

deadlines and the discretion to enforce them."); *Reales v. Consol. Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996) ("The district courts must manage a burgeoning caseload, and they are under pressure to do so as efficiently and speedily as they can, while still accomplishing just outcomes in every civil action … . Necessarily, they must have substantial discretion as they manage their dockets."); *Shine v. Owens–Ill., Inc.*, 979 F.2d 93, 96 (7th Cir. 1992) ("[J]udges must be able to enforce deadlines.").

Consistent with the local rules, Cooper filed a Local Rule 56.1(a)(3) statement of undisputed facts along with its summary judgment motion. Doc. 35-1. Each factual assertion in the Local Rule 56.1(a)(3) statement cites evidentiary material in the record and is supported by the cited material. *See* N.D. Ill. L.R. 56.1(a) ("The statement referred to in (3) shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph."). The Seventh Circuit "has consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1." *Flint*, 791 F.3d at 767 (citing cases); *see also Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings."); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) ("Because of the important function local rules like Rule 56.1 serve in organizing the evidence and identifying disputed facts, we have consistently upheld the district court's discretion to require strict compliance with those rules."). Here, the problem is not that RMCB did not strictly comply with Local Rule 56.1, but rather that it did not comply at all. It did not file any response materials—no brief, no Local Rule 56.1(b)(3)(B) response to

2

Cooper's Local Rule 56.1(a)(3) statement, and no Local Rule 56.1(b)(3)(C) statement of additional facts. Accordingly, the court accepts as true the facts set forth in Cooper's Local Rule 56.1(a)(3) statement. *See Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218 (7th Cir. 2015) ("When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion."); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010); *Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 393 (7th Cir. 2009); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006); *Raymond*, 442 F.3d at 608.

That said, the court is mindful that "a nonmovant's failure to … comply with Local Rule 56.1 … does not … automatically result in judgment for the movant … . [The movant] must still demonstrate that it is entitled to judgment as a matter of law." *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012). The court therefore will recite the facts in Cooper's Local Rule 56.1(a)(3) statement and then determine whether, on those facts, Cooper is entitled to summary judgment. The court sets forth the following facts as favorably to RMCB, the non-movant, as the record and Local Rule 56.1 allow. *See Canen v. Chapman*, 847 F.3d 407, 412 (7th Cir. 2017). In considering Cooper's motion, the court must assume the truth of those facts, but does not vouch for them. *See Arroyo v. Volvo Grp. N. Am.*, 805 F.3d 278, 281 (7th Cir. 2015).

Cooper, a natural person, held an account with Swiss Colony, a catalogue retailer, which he used to make personal purchases. Doc. 35-1 at ¶ 6. He was unable to pay an alleged debt on the account and defaulted. *Id*. at ¶ 7. Swiss Colony retained RMCB, a business that regularly collects defaulted consumer debts, to collect the alleged debt, and on February 8, 2016, RMCB sent Cooper a letter stating, in part: "Enclose the bottom portion of this letter so that your account can be properly credited and we can update the credit bureau." *Id*. at ¶¶ 3, 8-11.

3

However, it was not RMCB's practice to update credit bureaus; rather, RMCB would update its client on the status of a debt, and then the client, not RMCB, might or might not update the credit bureau. *Id*. at ¶ 12. RMCB did not, in fact, report information to any credit bureau concerning Cooper's debt. *Id*. at ¶ 13. RMCB also received no confirmation from Swiss Colony as to whether it had reported Cooper's debt to a credit bureau, nor was it informed that Swiss Colony failed to report information about the debt to a credit bureau. *Id*. at ¶¶ 14-15.

Cooper filed this suit against RMCB under the FDCPA. Doc. 1. He alleges that RMCB's implication that it had reported or would report his alleged debt to a credit bureau, when in fact RMCB had no intent to do so and it was not RMCB's practice to do so, violates 15 U.S.C. § 1692e, which prohibits the use of "false or misleading" representations in an attempt to collect a debt. *Id*. at ¶¶ 25-26. In its answer, RMCB pleaded the affirmative defense that any violation of law that may have occurred resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Doc. 11 at 9.

**Discussion**

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; *see Ruth v. Triumph P'ships*, 577 F.3d 790, 799-800 (7th Cir. 2009). This provision, essentially a "rule against trickery," *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007), sets forth "a nonexclusive list of prohibited practices" in sixteen subsections, *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014). Although a plaintiff "need not allege a violation of a specific subsection in order to succeed in a § 1692e case," *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012); *see also Ruth*, 577 F.3d at 794 n.2, Cooper invokes subsections (5) and (10), which proscribe, respectively, "[t]he threat to take any action

that cannot legally be taken or that is not intended to be taken," 15 U.S.C. § 1692e(5), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," *id.* § 1692e(10).

Cooper has met the prerequisites for FDCPA liability. As a "natural person" obligated to pay a debt, Cooper is a "consumer" under § 1692(a)(3). As an "obligation … of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services, which are the subject of the transaction are primarily for personal, family, or household purposes," Cooper's debt is covered by the FDCPA under § 1692a(5). As an entity that "regularly collects … debts owed," RMCB is a debt collector within the meaning of § 1692a(6). Finally, RMCB's letter is a "communication" under the FDCPA, which defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

The core question here is whether RMCB's letter violated § 1692(e)(5) or (10). The answer is yes. As noted, § 1692e(5) prohibits debt collectors from threatening "to take any action … that is not intended to be taken." It is undisputed that RMCB does not have a practice of reporting payments to credit bureaus, and it is likewise undisputed that it had no intention to do so in Cooper's case. Although the letter's statement, "Enclose the bottom portion of this letter so that your account can be properly credited and we can update the credit bureau," might not be an *express* threat, it certainly carries an implied one: that Cooper's failure to respond to the letter would result in the continued existence of a negative mark on his credit report or, alternatively, that if Cooper did not respond, RMCB would alert credit bureaus to the debt and his failure to pay. In fact, there is no evidence that RMCB ever communicated with credit bureaus, either to remove a negative mark or to add one.

5

Under the FDCPA, "a threat need not be express: it can be implied." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1064 (9th Cir. 2011). Cooper has identified an unlawful threat under § 1692e(5), and accordingly prevails on the merits. In any event, having failed to respond to Cooper's motion, RMCB has forfeited any opposition to § 1692e(5) liability. *See Nichols v. Mich. City Plant Planning Dep't*, 755 F.3d 594, 600 (7th Cir. 2014) ("The non-moving party waives any arguments that were not raised in [a] response … ."); *G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court."); *Witte v. Wis. Dep't of Corr.*, 434 F.3d 1031, 1038 (7th Cir. 2006) ("By failing to raise [an argument] in his brief opposing summary judgment, [the non-movant] lost the opportunity to urge it in … the district court … .").

The same is true for liability under § 1692e(10). As an initial matter, RMCB's failure to respond to Cooper's motion forfeits any argument that its letter did not violate § 1692e(10). Forfeiture aside, Cooper is right on the merits. As noted, § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt … ." The Seventh Circuit "has consistently held that with regard to 'false, deceptive, or misleading representations' in violation of § 1692e of the FDCPA, the standard is … whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer if the consumer is not represented by counsel." *Bravo v. Midland Credit Mgmt., Inc.*, 812 F.3d 599, 603 (7th Cir. 2016); *see also Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 273 (7th Cir. 2014) (noting that FDCPA claims "are evaluated under the objective 'unsophisticated consumer' standard"). That standard protects a consumer who "may be uninformed, naïve, or trusting," but who nonetheless "possess[es] rudimentary knowledge about the financial world." *Gruber*, 742 F.3d at 273 (internal quotation marks omitted). Although

unsophisticated, the reasonable consumer is "not a dimwit" and "is capable of making basic logical deductions and inferences." *Lox*, 689 F.3d at 822 (internal quotation marks omitted).

For the reasons stated above regarding § 1692e(5), RMCB's letter is deceptive. A reasonable, yet unsophisticated consumer could easily read the letter as implying the RMCB would take some action that would either damage or aid her credit report, based on whether she responded to the letter by paying the debt. As noted, RMCB had no intention of taking any such action, which renders the letter deceptive.

In its answer to Cooper's complaint, RMCB raised a *bona fide* error defense under § 1692k(c), which provides that a debt collector may avoid liability "if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Because *bona fide* error is an affirmative defense, RMCB bears the burden of establishing its validity. *See Jenkins v. Heintz*, 124 F.3d 824, 834-35 (7th Cir. 1997). "To qualify for the bona fide error defense, [a defendant] … (1) must show that the presumed FDCPA violation was not intentional; (2) it must show that the presumed FDCPA violation resulted from a bona fide error … ; and (3) it must show that it maintained procedures reasonably adapted to avoid any such error." *Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 537 (7th Cir. 2005).

RMCB's *bona fide* error defense fails because RMCB does not support the defense in response to Cooper's summary judgment motion. Furthermore, Cooper argues, with record support and without rebuttal, that RMCB in fact has no procedures in place to avoid the violation here. Doc. 32-2 at 12-14. Accordingly, the affirmative defense fails.

**Conclusion**

For the foregoing reasons, Cooper's summary judgment motion is granted. Because Cooper has proved a violation of § 1692e(5) and (10), and because RMCB's *bona fide* error affirmative defense fails, Cooper is entitled to summary judgment as to liability. This case will proceed to an assessment of damages.

June 2, 2017

United States District Judge