**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JACK WESLEY COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | 16 C 2827 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| RETRIEVAL-MASTERS CREDITORS BUREAU, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>JURY INSTRUCTIONS</u>

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.    Now I will instruct you on the law.

You have two duties as a jury.    Your first duty is to decide the facts from the evidence in the case.    This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.    You must follow these instructions, even if you disagree with them.    Each of the instructions is important, and you must follow all of them.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have on occasion asked a witness a question myself.    Do not assume that because I asked a question that I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

## ALL LITIGANTS EQUAL BEFORE THE COURT

In this case, the Defendant is a corporation.   All parties are equal before the law.   A corporation is entitled to the same fair consideration that you would give any individual person.

### JUDGE'S COMMENTS TO LAWYER

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may have cautioned or warned during the trial.

## NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**EVIDENCE**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true. The court read stipulations to you after opening statements. You must treat those stipulated facts as having been proved for the purpose of this case.

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence.    I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence.    Lawyers have a duty to object when they believe a question is improper.    You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence.    If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**CONSIDERATION OF ALL EVIDENCE**
**REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## DEFINITION OF "DIRECT"
## AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## TESTIMONY OF WITNESSES
## (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.   You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

## PRIOR INCONSISTENT STATEMENTS OR ACTS

You may consider statement(s) given by a party or witness under oath before trial as evidence of the truth of what they said in the earlier statements, as well as in deciding what weight to give their testimony.

In considering prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

# ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

# LAWYER INTERVIEWING WITNESSES

It is proper for lawyer to meet with any witness in preparation for trial.

# BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," I mean by the greater weight of the evidence.   The preponderance of the evidence is such evidence that, when weighed against the evidence opposed to it, has more convincing force and is more probably true than not.

In determining whether any fact in issue has been proven by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## DAMAGES: GENERALLY

It has already been determined that Defendant's letter to Plaintiff (in particular, the sentence that reads, "Enclose the bottom portion of this letter so your account can be properly credited and we can update the credit bureau.") violated the Fair Debt Collection Practices Act ("FDCPA"). Your sole duty as jurors is to decide what monetary damages, if any, Plaintiff should be awarded.

It is Plaintiff's burden to establish what, if any, damages should be awarded. Plaintiff is seeking, and you will consider, two types of damages: statutory damages and actual damages.

The FDCPA does not require that a damage award be entered. If a damage award is entered—whether statutory damages only, actual damages only, or both statutory and actual damages—you must determine what amount to award to Plaintiff.

You should not infer that damages exist or that the Plaintiff is entitled to recover damages merely because I am instructing you about damages. The fact that you are being instructed on damages should not be considered by you, in any way, as an indication of any view of this Court that Plaintiff is entitled to recover damages. I express no opinion on that issue one way or the other.

## STATUTORY DAMAGES

The FDCPA provides that Plaintiff may receive an award of statutory damages in an amount between $0 and $1,000.   In determining the amount (if any) of statutory damages to award, you must consider, among other relevant factors, the frequency and persistence of Defendant's non-compliance with the FDCPA, the nature of Defendant's non-compliance with the FDCPA, and the extent to which Defendant's non-compliance with the FDCPA was intentional.

## ACTUAL DAMAGES

The FDCPA also provides that Plaintiff may receive an award of actual damages. You need not award Plaintiff actual damages. If you do award Plaintiff actual damages, they shall be in an amount determined by you. You may award actual damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's violation of the FDCPA.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that actual damages are restricted to the actual loss of money; they include the emotional aspects of injury, even if they are not easy to measure.

You should consider only the following type of actual damages, and no others.

The emotional distress, if any, that Plaintiff experienced as a result of Defendant's violation of the FDCPA. No evidence of the dollar value of emotional distress has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury, if any, that was caused by Defendant's violation of the FDCPA.

## CAUSATION

If you find that Plaintiff sustained emotional distress, then Plaintiff must prove by a preponderance of the evidence that Defendant's violation of the FDCPA caused the emotional distress. This means that the emotional distress must have been a direct result or a reasonably probable consequence of Defendant's violation. You are not to award damages for any injury or condition from which Plaintiff may have suffered, or may now be suffering, unless Plaintiff has established by a preponderance of the evidence that such injury or condition was caused by Defendant's violation.

If you find that Defendant's violation did not cause Plaintiff's emotional distress (if any), then you must return a verdict of $0 in actual damages. In other words, if you find that Plaintiff's emotional distress was caused by something other than Defendant's violation, then you must find for the defendant on actual damages.

## MITIGATION OF DAMAGES

If you find that Defendant's violation of the FDCPA caused Plaintiff to suffer emotional distress, you must consider whether the actual damages award should be reduced for failure to mitigate damages.    Mitigating damages means taking reasonable steps to avoid losses. Plaintiff had a duty to mitigate any damage caused by Defendant's violation.    Defendant is not liable for any emotional distress that Plaintiff could have avoided by taking reasonable care to avoid that emotional distress.    Defendant bears the burden of proving by a preponderance of the evidence that Plaintiff could have reasonably avoided the emotional distress he suffered.

## ATTORNEY'S FEES AND COSTS

In considering whether to award actual damages to Plaintiff and, if so, in what amount, do <u>not</u> consider attorney's fees or costs.    It will be my duty after to decide whether to award attorney's fees and costs to Plaintiff and, if so, in what amount.    Therefore, attorney's fees and costs should play no part in your calculation of any damages.

## SELECTION OF PRESIDING JUROR;
## GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror.    The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the form, and all of you will sign it.

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me.   If you do need to communicate with me, the only proper way is in writing.   The writing must be signed by the presiding juror or, if he or she is unwilling to do so, by some other juror.   The writing should be given to the marshal, who will give it to me.   I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

## DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.